MICHAEL LEE, Respondent, v. DENNIS CLIFFORD, Appellant.

St. Louis Court of Appeals, December 19, 1893.

The **Evidence** in this cause is considered, and *held* sufficient to warrant the verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*E. J. O'Brien* for appellant.

*Seneca N. Taylor* and *Erd & Powers* for respondent.

BOND, J.—This suit was begun before a justice of the peace for breach of a contract to do certain lathing and plastering on the houses of defendant.

The statement of the cause of action was, that plaintiff submitted, at defendant's request, a bid for the work in question for the sum of $1,079, which bid was accepted by defendant; "that, within a reasonable time thereafter, plaintiff delivered at said houses the box in which to run off the lime, and made all preparations to proceed with the work * * * pursuant to the contract," but that defendant refused to allow him (plaintiff) to proceed with the work, wherefore he prayed for damages for $215.80.

Upon appeal to the circuit court, there was a trial and judgment in favor of the plaintiff, from which the defendant has appealed to this court, and assigns for error: *First.* That under all the evidence it was a condition precedent to the right of the plaintiff to perform his contract, that the houses *should be ready* for the work therein provided for. *Second.* That there was no evidence that respondent ever offered to do the work under his contract *after the houses were ready therefor.*

After a careful examination of the facts in this record, our conclusion is that there was evidence tending to show that the contract sued on was accepted by defendant without any express condition attached to such acceptance, except that *appellant wanted the work done without delay.* That there *was* an implied condition that the work was only to be done when the houses were in a suitable state for its performance, *results from the nature of the contract.*

This condition, we think, had happened on the day when plaintiff took his wagon and box to the houses for the purposes of doing the work. For the evidence is that he had, before this, examined the progress of the buildings, and had ascertained that they were about ready for lathing and plastering. And there was also evidence tending to show that on this

very day they began to run lime in the buildings. The evidence also tended to show that at this time appellant *positively refused* to allow respondent to do the work on the buildings in question, and thereby prevented respondent's performance of his contract. It is apparent, therefore, that the foregoing assignments of error are not well taken.

All the instructions requested by appellant in this case, except the demurrer to the evidence, were given, and no complaint is made as to the instruction given for respondent.

There was evidence, as we have shown, supporting the allegations contained in the statement of respondent's cause of action. There was a finding in respondent's favor by the jury, which we cannot, of course, disturb on the ground merely of the weight of the evidence.

The result is that this judgment must be affirmed. All concur.